UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TOM VALLANCOURT,
        Plaintiff,

v.                                                  CASE NO. 3:14-cv-156(VLB)

COMMISSIONER JAMES DZURENDA, ET AL.,
        Defendants.

July 29, 2014

## INITIAL REVIEW ORDER

The plaintiff, Tom Vallancourt, a *pro se* inmate in the custody of the Connecticut Department of Corrections, files this action pursuant to 42 U.S.C. § 1983 against employees of the Connecticut Department of Correction. For the reasons set forth below, the Complaint is dismissed.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff names Commissioner James Dzurenda, Warden Erfe, Counselor Supervisors Dean and Fulton, Captain Shabenas and Correctional Counselors Lewis and Wilkins as defendants. In the relief section of the Complaint, the plaintiff includes the following: "Investigation. People fired. CT. DOC is bleeding the tax payers. I will tell you everything. I have all the evidence." Compl. at 6. There are no other facts in the Complaint.

These allegations in and of themselves to do not state any discernable claim, and clearly do not state a claim of a violation of the plaintiff's federally or constitutionally protected rights, or otherwise. To the extent that the plaintiff seeks to lodge a whistleblower complaint of governmental malfeasance or nonfeasance, this is not the correct forum.

The plaintiff has no constitutionally protected right to an investigation of improper conduct by Department of Correction officials.  See *Lewis v. Gallivan*, 315 F. Supp.2d 313, 316-17 (W.D.N.Y. 2004) ("There is . . . no constitutional right to an investigation by government officials.") (internal quotation marks and citations omitted); *Santossio v. City of Bridgeport*, No. 3:01CV1460(RNC), 2004 WL 2381559, at *4 (D. Conn. Sept. 28, 2004) ("the United States Constitution does not grant plaintiffs a right to an adequate investigation or adequate after-the-fact punishment") (citing cases).  Nor is the victim of allegedly criminal conduct entitled to a criminal investigation or the prosecution of the alleged perpetrator of the crime.  *See Leeke v. Timmerman*, 454 U.S. 83, (1981) (inmates alleging beating by prison guards lack standing to challenge prison officials' request to magistrate not to issue arrest warrants); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *McCrary v. County of Nassau*, 493 F. Supp. 2d 581, 588 (E.D.N.Y. 2007) ("A private citizen does not have a constitutional right to compel government officials to arrest or prosecute another person."); *Osuch v. Gregory*, 303 F. Supp. 2d 189, 194 (D. Conn. 2004) ("An alleged victim of a crime does not have a right to have the alleged perpetrator investigated or criminally prosecuted.").  The unsupported allegations set forth in the Complaint fail to state a claim upon which relief may be granted and are dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

*Pro se* complaints should be liberally construed, and district courts generally should not dismiss a *pro se* complaint without granting the plaintiff

leave to amend, unless it would be futile. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000). The Second Circuit has said that "[a] district court need not grant a *pro se* plaintiff leave to amend if it can rule out any possibility, however unlikely it might be, that an amended complaint would succeed." *Lesch v. United States,* 372 F. App'x. 182, 183, (2d Cir. 2010), citing *Cuoco,* 222 F.3d at 112; *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795-96 (2d Cir. 1999). The only facts in the complaint are "Investigation. People fired. CT. DOC is bleeding the tax payers. I will tell you everything. I have all the evidence." Compl. at 6. Leave to amend a frivolous complaint should not be granted. *Owens v. Shields,* 34 F. App'x 33, 35 (2d Cir. 2002). This Court finds that the plaintiff has failed to plead any facts suggesting that he has a basis to maintain a suit and that amendment of the complaint would be futile.

## ORDERS

The court enters the following orders:

(1) All of the claims against the defendants are DISMISSED for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 915A(b)(1). If the plaintiff chooses to appeal this decision, he may <u>not</u> do so *in forma pauperis*, because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

(2) The Clerk is directed to enter judgment for the defendants and close this case.

SO ORDERED at Hartford, Connecticut this 29th day of July, 2014.

/s/
**Hon. Vanessa L. Bryant**
**United States District Judge**